### Skillen and Another *v.* Carlisle.

APPEAL from the *Marion* Circuit Court.

Gregory, J.—The appellants sued *Carlisle* for the possession of real estate, and to enjoin the proceedings in certain criminal cases, charging the forcible entry and detainer of the premises in controversy. A demurrer to the complaint was sustained in the court below, which presents the question for decision in this court. On the 6th of *September*, 1848, *James Blake* and *James M. Ray* platted part of out-block No. 148, in the city of *Indianapolis*, subdividing it into thirty-two lots, numbering from 1 to 32, and caused the plat to be recorded on that day. According to that plat, lots numbered 21 and 22 of the subdivision were bounded on the east and west by straight lines, and on the south by the *National Road*, running in a south-westerly direction from east to west. On the 2d of *February*, 1852, *Blake* and *Ray* made another plat of the same part of block No. 148, making, among other things,

the east and west lines of lots 21 and 22 run at right angles with the *National Road* for the distance back of thirty-two feet. This last named plat was acknowledged on the 30th of *June*, 1860, and recorded on the 20th of *August* following. On the 21st of *July*, 1855, *Blake* and wife, and *Ray*, conveyed by deed in fee to *Daniel Carlisle's heirs* lot 21, which deed was recorded on the 30th of the last named month. Under this deed, the appellants claim title by deed from one of *Daniel Carlisle's heirs*. On the 9th of *May*, 1860, *Ray* and wife conveyed by deed in fee, to the appellee, *John Carlisle*, lot 22. The dispute between the plaintiffs and defendant is about the boundary line dividing lots 21 and 22.

The complaint charges that the defendant is in the wrongful possession of a certain portion of lot 21, describing it, and that to recover the possession of the portion of lot 21 so described, the said *James Skillen* heretofore, on &c., brought his action in the *Marion* Circuit Court, against the defendant, alleging that the plaintiff was, on the 11th of *July*, 1860, seized and entitled to, and in the legal possession of, lot number 21, in out-block number 148, as laid off by *James Blake* and *James M. Ray*, in their addition to the city of *Indianapolis*, as per plat thereof, as recorded in the recorder's office of *Marion* county, and that afterward, in the month of *September*, 1860, the defendant unlawfully entered upon and took possession of some eighteen inches of the east side of said lot, and had unlawfully occupied the same until that time, and had unlawfully and without right kept the plaintiff out of the possession thereof, and demanding judgment for the possession thereof, and also $500 in damages. That the defendant was duly served with a summons to appear in said court, to answer the said action; that he did appear by his counsel, and filed his answer to the complaint, denying every allegation thereof, and a jury being impanneled and sworn to try the issues joined, returned the following verdict, to-wit: "We, the jury, find for the plaintiff, and assess the damages at $5,

and we find that defendant does unlawfully occupy fifteen inches on the front of the east side of lot 21, mentioned in the complaint, running back seven and a half feet, to a point, belonging to the plaintiff." A judgment was rendered on this verdict, and the point made is, that on account of the conflicting plats, the verdict and judgment are inoperative, because of their uncertainty, and no bar to this action. It is shown by averments in the complaint, that the second plat was only matter of evidence on the trial of the prior suit. The deeds under which the respective parties claimed were also in evidence. By them it appears that the conveyances of lots 21 and 22, from *Blake* and *Ray*, were both made before the recording of the second plat, showing conclusively that the trial must have related to the description of these lots in the first plat. If there is any uncertainty in the description of the premises recovered in the former action, it must be sought for elsewhere than in the conflict between the two recorded plats. The description in the former suit is as certain as the description in the present action. It is not pretended that the court below could have enjoined the criminal proceedings, and the case in judgment must be regarded simply as an action for the recovery of the identical real estate recovered in the former suit.

We are of opinion that the Circuit Court committed no error in sustaining the demurrer to the complaint.

The judgment is affirmed, with costs.

RAY, J., was absent.

*J. Morrison* and *R. L. Walpole,* for appellants.

*L. Barbour, J. D. Howland* and *J. T. Jackson,* for appellee.